UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SETH EISENBERGER,

                Plaintiff,

-against-

CHAIM FRIEDMAN, LIBE FRIEDMAN, CHANA FRIEDMAN, LAWRENCE PLAZA ASSOCIATES LLC, BREWER ESTATES LLC, BREWER HOLDINGS LLC, WILLOW TREE LLC, and 34 SECOND AVENUE, LLC,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/2025

22-cv-3025 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Seth Eisenberger brought forth the instant action on April 14, 2022, asserting numerous state law claims against Defendants Chaim Friedman, Libe Friedman, Chana Friedman, Lawrence Plaza Associates LLC, Brewer Estates LLC, Brewer Holdings LLC, Willow Tree LLC, and 34 Second Avenue LLC (together with, Lawrence Plaza Associates LLC, Brewer Estates LLC, Brewer Holdings LLC, Willow Tree LLC, the "Corporate Defendants") (all together, "Defendants"). (ECF No. 1.)

By letter and application dated July 17, 2025 (ECF No. 50) ("July Application"), *pro se* Defendant Chaim Friedman ("*pro se* Defendant" or "Friedman") seeks from the Court appointment of *pro bono* counsel and dismissal of the instant action. The Court addresses *pro se* Defendant's requested relief in turn, and also addresses procedural concerns raised in the July Application.

1

I.       **Appointment of Pro Bono Counsel**

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

The proceedings are still in their early stages, and the parties have yet to enter discovery or make summary judgment motions. Thus, the Court is unable to conclude that *pro se* Defendant cannot handle the case without assistance, although this conclusion may change as the action

progresses. Furthermore, the Court still cannot ascertain whether *pro se* Defendant's position shows a strong chance of success, nor are the legal issues in this case particularly complex.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel at this time, *pro se* Defendant's motion for appointment of *pro bono* counsel is denied without prejudice to renew at a later stage in the proceedings.

## II.     Dismissal of the Instant Action

*Pro se* Defendant, in his July Application "request[s] an order from the court granting dismissal with prejudice." (July Application, p. 2). *Pro se* Defendant thus submits a document delineated as a motion to dismiss in which he attaches no affidavit in support of his motion. He has likewise, beyond his earnest belief, not provided the Court a basis which would warrant dismissing the instant action with prejudice. Accordingly, *pro se* Defendant's application for a dismissal with prejudice is denied, without prejudice.

## III.    *Pro se* Defendant's July 25, 2022 Attempted Motion to Dismiss[1]

*Pro se* Defendant, across documents filed at ECF Nos. 40 and 41 appears to fashion an attempt at offering a motion to dismiss Plaintiff's claims. Fatally, *pro se* Defendant's arguments only offer conclusory statements of law that are not responsive to the 12(b)(6) analysis. *Pro se* Defendant, for instance, spends time accusing Plaintiff of making "utterly frivolous, baseless, and simply untrue" allegations and of venue shopping. (ECF No. 40.) *Pro se* Defendant also says that Plaintiff has "demonstrated little regard" for the law. (ECF No. 41.) These are insufficient arguments to serve as a basis for a 12(b)(6) motion to dismiss, as they do not go to whether Plaintiff

---

[1] The Court granted *pro se* Defendant Chana Friedman leave to file a motion to dismiss (ECF No. 39), but she did not ultimately do so beyond a letter (ECF No. 42) stating she wanted to adopt the arguments made by *pro se* Defendant Chaim Friedman in his filings at ECF Nos. 40 and 41.

has plausibly stated a claim for relief; accordingly, the July 25, 2022 motion to dismiss is denied without prejudice.

### IV. Corporate Defendants

*Pro se* Defendants Chaim Friedman, Libe Friedman, and Chana Friedman have already entered notice of appearances appearing *pro se*. (ECF Nos. 28, 29 and 33.) Service has been effectuated on the remaining Corporate Defendants. (ECF Nos. 11 – 27.) To date, no Corporate Defendants have entered a notice of appearance with counsel, and the Corporate Defendants may not proceed *pro se* in federal court. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 392 (Bankr. S.D.N.Y. 2024); *see also Naraine v. Washdry Tech Inc.,* 749 F. Supp. 3d 398, 406 (E.D.N.Y. 2024). Therefore, the respective attorneys for the Corporate Defendants are directed to file a notice of appearance forthwith, otherwise the Corporate Defendants risk being in default. *See Washdry Tech Inc.* 749 F. Supp. 3d at 406 (noting that where corporate defendant was not represented by counsel and failed to enter a notice of appearance, the corporate defendant was in default).

### V. Responding to the Complaint and Case Management Plan and Scheduling Order

Defendants are directed to answer or otherwise seek leave of Court to respond to Plaintiff's Complaint by August 29, 2025.

*Pro se* Defendant's application briefly mentions that *pro se* Defendant received "a letter from plaintiff, asking for documents and interrogatories, claiming that they were overdue." (July Application p. 1.) The Court notes that no discovery schedule has been formalized and that the Defendants have yet to submit answers never mind the parties submitting a joint Case Management Plan and Scheduling Order.

The Clerk of Court is respectfully directed terminate the motion at ECF No. 50, to mail a copy of this Order to *pro se* Defendants Chaim Friedman, Libe Friedman, and Chana Friedman, at their addresses listed on ECF and to show service on the docket. Plaintiff is directed to serve a copy of this Opinion on each corporate Defendant and to file proof of service on the docket.

Dated:  July 23, 2025                                             SO ORDERED:
        White Plains, New York

                                                                  _____
                                                                  NELSON S. ROMÁN
                                                                  United States District Judge