USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/2026

# CHEZKI MENASHE, ESQ.
## 100 LAWRENCE STREET, SUITE 207
## NANUET, NEW YORK 10954
## TEL.: (845) 274-5969

June 1, 2026
**VIA ECF**

To:    The Honorable Nelson S. Roman
United States District Court for the Southern District of New York
United States Courthouse 300 Quarropas St.
White Plains, NY 10601-4150

        Re:  **Eisenberger v. Friedman et al; Docket No.: 7:22-cv-3025 (NSR)**
                **Response to Plaintiff's 6/1/26 Letter (ECF No. 129)**

Dear Judge Roman:

I represent Defendants, LIBE FRIEDMAN, CHANA FRIEDMAN, LAWRENCE PLAZA ASSOCIATES LLC, BREWER ESTATES LLC, BREWER HOLDINGS LLC and 34 SECOND AVENUE LLC in the above-captioned action and respectfully submit this response opposing Plaintiff's June 1, 2026 pre-motion letter (ECF No. 129). Plaintiff's requests for (i) leave to file a premature motion for partial summary judgment registering the Goldenberg I judgments as federal judgments, (ii) an extension of time to respond to Defendants' Second Amended Answers and Counterclaims, and (iii) abeyance of the pending disqualification motion (ECF No. 123) are legally baseless, procedurally improper, and should be denied in their entirety.

**I.    PLAINTIFF'S REQUEST FOR PARTIAL SUMMARY JUDGMENT IS LEGALLY DEFECTIVE AND PREMATURE — HIS CITATIONS DO NOT WITHSTAND SCRUTINY.**
Plaintiff invokes 28 U.S.C. § 1738 and Fed. R. Civ. P. 56, citing *Kremer v. Chemical Const. Corp.*, 456 U.S. 461 (1982), *Allen v. McCurry*, 449 U.S. 90 (1980), and *Kirshner v. Smith*, 2024 WL 3640619 (D. Vt. 2024), for the proposition that full faith and credit is absolute and "collateral attacks on the underlying judgment are not cognizable." This is a fundamental misstatement of law that his own citations cannot support.

Full faith and credit is **not** absolute. A federal court is **not required** to enforce a state judgment procured through extrinsic fraud that prevented the losing party from fully and fairly presenting his defense. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944) (recognizing federal courts' inherent equitable power to vacate or refuse enforcement of

see pg. 4

MEMO ENDORSED

judgments obtained by fraud on the court). Plaintiff's cited cases address ordinary preclusion and comity but **do not involve, discuss, or rebut** the well-established extrinsic-fraud exception. *Kremer* and *Allen* concern Title VII and § 1983 collateral estoppel after full and fair state proceedings — not fraud-on-the-court claims. *Kirshner* is a single non-binding district-court decision on the registration mechanism with no mention of fraud exceptions.

The Second Amended Answers of Pro Se Defendant Friedman and Co-defendants plead thirteen counterclaims that directly challenge the *enforceability* of the very judgment Plaintiff now seeks to register. The First Counterclaim asserts fraud upon the court and this Court's inherent equitable powers — a claim with **no statute of limitations**. As fully detailed in Friedman's Fourth Amended Complaint in the related action pending before this very Court (Friedman v. Goldenberg et al., No. 7:25-cv-07123-NSR, FAC annexed as Exhibit A to Defendants Second Amended Answer), the Goldenberg I judgments were obtained through: (1) false testimony by Plaintiff and others (including use of a forged retainer agreement); (2) Plaintiff's blatant violation of New York Rules of Professional Conduct 1.7(a) and 1.9(a); (3) undisclosed collusion with Plaintiff's undisclosed cousin attorney Jeremy Rosenberg; (4) deliberate sabotage causing default; and (5) falsified billing records. Further Plaintiff's co-plaintiff in the state court action, Eugene Goldenberg, then committed fraud and perjury *outright contradicting his and Plaintiff's prior sworn testimony upon which judgments were obtained* in order to steal one-third property interest via the secret Goldenberg II Action. These are classic extrinsic fraud facts squarely within FRCP 60(d)(3) and *Hazel-Atlas*.

Plaintiff's assertion that "the material facts are not in dispute" is disingenuous and contradicted by the active dispute in both this action and the related Federal action before this Partial summary judgment is absolutely premature.

## II. THE DISQUALIFICATION MOTION MUST BE DECIDED IMMEDIATELY — NOT BURIED IN ABEYANCE.

Plaintiff's request to hold the disqualification motion in abeyance is an attempt to evade scrutiny of counsel's own misconduct. The motion challenges counsel's direct personal financial interest as equity partner of Hahn Eisenberger PLLC, improper filing of privileged attorney-client communications belonging to Defendants and other violations that taint every filing in this action. Disqualification motions must be resolved promptly. *Hull v. Celanese Corp.*, 513 F.2d 568 (2d Cir. 1975). The motion was expressly authorized by Magistrate Judge Krause and filed on the schedule he set.

### III. PLAINTIFF'S FLAGRANT DISCOVERY DEFIANCE BARS ANY EXPEDITED RELIEF.

Plaintiff demands judgment on allegedly "undisputed facts" while defying Magistrate Judge Krause's discovery directives. At the most recent conference, the Magistrate specifically authorized Defendants' interrogatories and directed Plaintiff to respond, finding that Plaintiff had waived Local Rule 33.3 objections. Plaintiff's responses are a complete nullity — not one of the interrogatories received a single substantive fact. Every response is identical boilerplate claiming that the factual basis for Plaintiff's own Rule 11-signed complaint is "premature" and "in Defendants' exclusive possession." Plaintiff makes specific factual allegations under Rule 11 and then refuses under oath to substantiate them.

### IV. PLAINTIFF'S PROPOSED SEQUENCING WOULD CAUSE IRREPARABLE PREJUDICE AND VIOLATE DUE PROCESS.

Plaintiff's proposed order — federal judgment first, intrusive CPLR §§ 5225/5227 asset discovery and turnover next — would expose non-party family members and entities to burdensome discovery directed by counsel who has not yet answered for his own actions or his Client's fraud upon the court. Here, Plaintiff is attempting to enforce a judgment which all defendants claim in detail and provide ample documentation showing it was obtained through fraud and malfeasance. For Plaintiff to move to enforce the judgments now- *would only serve as a cudgel for Plaintiff to harass Defendants with enforcement and add further difficulties for Defendants –like Plaintiff's stalling in discovery- in showing all the facts to the Court and allowing the Court to see and determine the merits of the parties' claims*. The proper sequence is: (1) resolve disqualification; (2) brief and decide the motion to dismiss counterclaims; (3) adjudicate the counterclaims (including treble Judiciary Law § 487 damages) on the merits; and (4) and then consider enforcement of a judgment.

### CONCLUSION

Plaintiff's pre-motion letter selectively quotes the co-defendants' Answer while ignoring the counterclaims and the related Federal Action that squarely place the *enforceability* of the judgments in dispute. For the foregoing reasons, Defendant respectfully requests that the Court: (1) deny Plaintiff's request for leave to file a motion for partial summary judgment as premature; (2) deny Plaintiff's request to hold the disqualification motion (ECF No. 123) in abeyance and have plaintiff comply with the schedule set by Judge Krause; (3) have plaintiff comply with the standard schedule of response to Defendants Second Amended Answer with Counterclaims;

and/or (4) in the alternative, if partial summary judgment is permitted, stay all enforcement proceedings pending resolution of the counterclaims and disqualification motion.

Respectfully submitted,

 /s/ Chezki Menashe
Chezki Menashe, Esq.
*Attorney for Defendants /*
*Counterclaim-Plaintiffs*
100 Lawrence Street, Suite 207
Nanuet, New York 10954
Tel.: (845) 274-5969

Plaintiff's request for an extension of time to submit a pre-motion letter to dismiss or otherwise respond to Defendants' Second Amended Answers and Counterclaims (ECF Nos. 121, 122) is GRANTED. Plaintiff shall file any such pre-motion letter on or before July 3, 2026.

Plaintiff's request to hold Defendants' motion to disqualify counsel (ECF No. 123) in abeyance is DENIED. The parties shall continue to comply with the briefing schedule previously established by Magistrate Judge Krause at the April 29, 2026 conference.

Plaintiff's request for leave to move for partial summary judgment is DENIED WITHOUT PREJUDICE to renewal at an appropriate stage of the litigation.
Dated: June 3, 2026
        White Plains, NY

SO ORDERED:

_____

NELSON S. ROMÁN
United States District Judge