UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SETH EISENBERGER,

                        Plaintiff,                **ORDER**

        -against-                 22 Civ. 3025 (NSR) (AEK)

CHAIM FRIEDMAN, *et al.*,

                       Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

The Court is in receipt of the parties' status update letters. *See* ECF Nos. 134, 136, 137. The Court hereby orders the parties to meet and confer to attempt to narrow and/or resolve their discovery disputes, and to file a joint status report **by no later than July 17, 2026**.

The parties' difficulties in getting along is no excuse for bypassing the requirements of the Federal Rules of Civil Procedure and the Joint Local Civil Rules of the Southern and Eastern Districts of New York, which require parties to meet and confer in good faith and to cooperate and be courteous in their dealings with one another. The assertion made by both *pro se* Defendant Chaim Friedman and counsel for the remaining Defendants that the relevant meet and confer discussions took place at the end of March is nonsensical. The Court held a conference on April 28, 2026, and after that conference additional discovery was exchanged—Defendants served revised interrogatories and Plaintiff served responses to those revised interrogatories, and Defendants produced documents. **It is incumbent on the parties to meet and confer again to address these more recent developments**. The Court does not view Plaintiff's request for time to meet and confer as a delay tactic—indeed, a meet and confer discussion **is required** before the parties bring further discovery disputes to the Court. And for future reference, the Court is

neither impressed nor persuaded by filings loaded with outrage and righteous indignation—in fact, such rhetorical flourishes, particularly when employed in virtually every single filing, ring hollow, and undermine the substance of whatever points litigants are attempting to raise.

The Court will not comment in detail on Plaintiff's interrogatory responses at this time, but will note the following: (1) an objection that states that the requested information is within Defendants' control is generally not a well-taken objection, particularly where, as here, the purpose of an interrogatory is to ascertain Plaintiff's basis for making certain allegations in the complaint; and (2) it appears as though Plaintiff's response to many of the interrogatories about a purported history of unlawful conduct by various Defendants is that the only concrete basis for the allegations in the complaint is the transactions specified in the complaint. That reads like an admission that Plaintiff is not *currently* aware of any other unlawful conduct other than what is specified in the complaint. If that is the case, it is not clear what more Defendants expect Plaintiff to say in response. The parties should not submit any response to these points prior to the July 17, 2026 joint status report.

Dated: June 22, 2026
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge